# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES CRITTENDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-16-694-R |
| | ) | |
| WESTERN EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter comes before the Court on the Motion to Dismiss filed by Defendant Western Express, Inc. (Doc. No. 9). Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Defendant contends dismissal of this action is required because Plaintiff has previously sought to pursue the same claims against it, although as counter-claims, as part of three prior actions related to this same accident. Western Express contends the statute of limitations has expired with regard to such claims, which arise out of a March 31, 2012 multi-vehicle accident that spawned numerous state and federal court actions. Defendant further contends that the current attempt to recover against it violates the "two dismissal" rule set forth in Federal Rule of Civil Procedure 41. Neither argument has merit.

Defendant contends, in part, that the statute of limitations has expired and further, that Oklahoma's saving statute, Okla. Stat. tit. 12 § 100, does not apply to render this case timely. The relevant statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon

> the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Defendant correctly notes this is the fourth time Plaintiff has asserted claims against Defendant Western Express as a result of the March 31, 2012 accident. The first cross-claim was filed on October 16, 2013, in *Factor v. YRC*, Case No. CJ-13-4486, pending in the District Court of Oklahoma County. Thereafter, and prior to dismissal of the state cross-claim, Crittenden named Western Express as a cross-claim defendant in *Cardenas v. Ori*, Case No. CIV-14-386-R, on April 17, 2014. Finally, in *Barnes v. Western Express,* Case No. CIV-14-574-R, Crittenden asserted a cross claim on June 10, 2014. The first of these cross-claims, the only claim filed within two years of the accident, was voluntarily dismissed by Crittenden on September 1, 2015, without a Court order and without prejudice.

Because only the first cross-claim was commenced within due time, it is the operative "action" for purposes of the savings statute. Accordingly, because the cross-claims filed in the two federal cases were filed during the pendency of the state court cross-claim, neither of those cases impacts the application of § 100 by its plain terms. It was not until Plaintiff voluntarily dismissed his counter claim in Case No. CJ-13-4486 on September 1, 2015 that the provisions of § 100 became operative. Accordingly, this action, filed on June 21, 2016, within one year of Plaintiff's voluntary dismissal of the cross-claim in CJ-13-4486 is not untimely.

Furthermore, Defendant has failed to establish that the two dismissal provision of Rule 41 operates to bar Plaintiff's claim. Taking the dismissals in chronological order, the first cross-claim voluntarily dismissed by Plaintiff herein was on June 29, 2015, in *Cardenas v. Ori*, Case No. CIV-14-386-R, without order of the Court, pursuant to Fed.R.Civ.P. 41(a)(2). The second dismissal was the state court dismissal on September 1, 2015, again without order of the court. Finally, on September 30, 2015, Crittenden and Western Express filed a stipulation of dismissal without prejudice of the cross-claims in *Barnes v. Western Express*, Case No. CIV-14-574-R.

The "two dismissal" rule set forth in Rule 41 provides "that a dismissal by a plaintiff who previously has dismissed an action, in any state or federal court, based on or including the same claim, operates as an adjudication upon the merits and prevents the institution of another action on the same claim." The first dismissal herein was a Rule 41(a)(i) dismissal by Plaintiff that did not require an order of the court or agreement of Defendants. The second dismissal, in state court, apparently required neither a signature nor an order. A similar situation is addressed in 9 Federal Practice and Procedure § 1268, wherein the court noted:

> The "two dismissal" rule applies in federal court actions whether the first dismissal was in state court or a federal court. It does not apply however, if the second dismissal was in a state court. Consequently, the voluntary dismissal of a claim in state court that once had been voluntarily dismissed in a United States District Court does not prevent a subsequent action in federal court.

*Id.* As a result, the third attempt at filing a cross-claim in this action, CIV-14-574, dismissed on September 30, 2015, was not barred by the two dismissal rule. Furthermore, because

3

that dismissal was completed via stipulation, Plaintiff is able to evade the two dismissal rule with regard to the instant action because Rule 41(1)(B) provides:

> Unless the notice or stipulation state otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a **notice of dismissal** operates as an adjudication on the merits.

The stipulation filed pursuant to Rule 41(a)(1)(B) does not preclude refiling because Rule 41(a)(1)(B) does not apply where there was a stipulation of dismissal without prejudice, rather, it operates only where there is the one-sided "notice of dismissal." Accordingly, the Court concludes that stipulation of dismissal was not an adjudication on the merits that would bar the filing of this action.

For the reasons set forth herein, Defendant's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED this 4th day of October, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE